22-1206
Nielsen Consumer LLC v. The NPD Group, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

**NIELSEN CONSUMER LLC, D/B/A NIELSENIQ,**

> *Plaintiff-Appellant*,

v.  22-1206

**THE NPD GROUP, INC.,**

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:   LAURA LOGSDON (Joshua A. Berman, Matthew R. Wisnieff, Timothy Keegan, Hannah Rubashkin, *on the brief*), White & Case LLP, New York, NY.

FOR DEFENDANT-APPELLEE:   LAURENCE F. PULGRAM (Dean Kristy, Todd R. Gregorian, Shannon E. Turner, *on the brief*), Fenwick & West LLP, San Francisco, CA.

Appeal from an order of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this matter is **REMANDED**.

In 2018, Plaintiff-Appellant Nielsen Consumer LLC ("Nielsen") entered into a contract (the "Agreement") with Defendant-Appellee The NPD Group, Inc. ("NPD") to license data from and enhance "ReceiptPal," a market research application developed by NPD. On April 7, 2022, after several years of collaboration with Nielsen, NPD publicly announced a potential merger with Nielsen's competitor, Information Resources, Inc. ("IRI"). That same week, Nielsen filed this action, alleging that NPD breached the Agreement and misappropriated Nielsen's proprietary and confidential information and trade secrets.[1] Nielsen sought damages and moved for a preliminary injunction, asking the district court to enjoin the merger "until adequate assurances are provided" that data licensed to Nielsen under the Agreement "will not be used by any third parties without NielsenIQ's express, written consent." Confidential App'x at 106. Nielsen also sought a similar injunction as to its "exclusive confidential information and trade secrets" outside of the licensed data. *Id.* On May 2, 2022, in an effort to moot Nielsen's request for injunctive relief, NPD's counsel sent Nielsen a letter "outlin[ing] a series of commitments that NPD is willing to make" pending the district court's decision on the merits. *Id.* at 332–34.

The district court conducted a two-hour oral argument on May 17, 2022, and issued an order the following day, granting in part and denying in part Nielsen's motion. The district court found "that a preliminary injunction against the anticipated merger is unwarranted in light of

---

[1] Nielsen asserted numerous causes of action, including breach of contract, anticipatory breach of contract, breach of duty of good faith and fair dealing, promissory estoppel, misappropriation of trade secrets under both federal and state law, unfair competition, unjust enrichment, and conversion.

NPD's assurances, provided that those assurances are subject to court order." Special App'x at 2. The district court thus declined to enjoin the merger but incorporated NPD's May 2, 2022 letter into its order, requiring NPD to abide by its commitments. Nielsen appealed, arguing that the district court abused its discretion in rejecting Nielsen's proposed order and adopting NPD's proposed commitments. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

**I.     Legal Framework**

We review a district court's decision to deny or grant a preliminary injunction for abuse of discretion. *See, e.g.*, *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 157 (2d Cir. 2004). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009) (citation omitted).

> A party seeking a preliminary injunction in this Circuit must establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest.

*Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (cleaned up).

A district court must "state the findings and conclusions" that support its grant or denial of an "interlocutory injunction." Fed. R. Civ. P. 52(a)(2). The district court's "findings and conclusions should provide a clear understanding of the basis for the trial court's decision." *Fair Hous. in Huntington Comm. Inc. v. Town of Huntington*, 316 F.3d 357, 364 (2d Cir. 2003). Similarly, "[e]very order granting an injunction" must "state the reasons why it issued," "state its

terms specifically," and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

## II. Discussion

Nielsen argues that the district court's order runs afoul of Rule 65(d) because the district court failed to make the necessary findings or describe in sufficient detail the acts to be restrained. We agree, and find that the district court failed to comply with Rule 52(a) for similar reasons.

First, the district court's order failed to comply with Rule 52(a)(2) because the district court did not explain the reasons for its grant of alternative relief. The district court's order determined that Nielsen was not likely to suffer irreparable injury "in the absence of an injunction against the merger" and that "the balance of hardships does not justify enjoining the merger given the availability of a more tailored remedy." Special App'x at 2. The district court then granted narrower relief by requiring NPD to "comply with the commitments" set forth in NPD's letter, which the district court "incorporated in th[e] order by reference." *Id.* But absent from the district court's decision are any findings explaining why this form of relief was warranted, and whether it adequately protects Nielsen's proprietary and confidential information.[2]

Second, for similar reasons, the district court's order did not comply with Rule 65(d)(1). The district court's order, which required NPD to abide by its proposed commitments, did not

---

[2] The district court incorporated its reasoning from the preliminary injunction hearing into the order. NPD emphasizes certain comments made by the district court at that hearing, such as that the district court noted that it did not think "the scope of what is protected that's argued by Nielsen . . . [is] justified in terms of a likelihood of success on the merits." Joint App'x at 361. These statements, however, do not provide sufficient findings and conclusions to enable a meaningful review of the district court's decision. *See Tekkno Lab'ys, Inc. v. Perales*, 933 F.2d 1093, 1097 (2d Cir. 1991) (explaining that the district court's findings must "enable us to be sure of the basis of the decision below"). The district court did not explain why it found Nielsen's arguments to be lacking merit. Moreover, at the preliminary injunction hearing, the district court focused on Nielsen's request to enjoin the NPD-IRI merger. It did not consider irreparable harm, likelihood of success, or the balance of hardships as to Nielsen's request for an injunction prohibiting NPD from disclosing Nielsen's proprietary information.

4

explain why such an injunction was necessary. And instead of describing the "acts" to be restrained, the order simply "incorporated" NPD's letter "by reference." *Id.*; *see* Fed. R. Civ. P. 65(d)(1)(C) (providing that an order granting an injunction may not "refer[] to the complaint or other document" when describing the restrained acts).

We therefore remand this matter pursuant to the procedures adopted in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The district court is directed to enter an order clarifying its rationale for finding that NPD's commitments adequately protect Nielsen. The district court should clearly state its findings on the record and, if warranted, issue an order that specifies the enjoined acts without incorporating NPD's letter.[3] No later than ten days after the district court's supplementation of the record, either party may restore the matter to the active docket of this Court by filing a letter. If either party seeks further action from this Court, the matter will be referred to this panel.

\* \* \*

For the foregoing reasons, we hereby **REMAND** this matter to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] At the preliminary injunction hearing, the district court warned the parties that the order might not include the "full analysis" because the district court did not "want to write something that has lots of confidential agreement language in it." Joint App'x at 365. These concerns, however, should not preclude the district court from providing a full explanation of its findings on the record. If the district court finds that supplementing the record will entail a discussion of confidential information, it should determine whether such information meets our sealing standards before publicly filing a redacted version of its analysis. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2016).